# THE Court OF Criminal Appeals 22,735-47 OF TEXAS

In RE: Alfred lee Stone
Relator.

Cause No.

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 06 2015 to CS
Abel Acosta, Clerk

## PROOF OF Service

I Alfred lee Stone STATE THAT under THE Penalty OF Perjury THAT I Have Mailed by u.s. Mail :(2) PETITION FOR MANDAMUS(2)PETITION FOR Habeas-Corpus (2) Response TO THE petition FOR MAN dAMUS.(2) Request FOR Service And Filing OF pleading And OTHer papers.(2) TRANSFER OF Custody pending Review. (2) MOTIONs FOR leave TO File Additional Extraordinary-MATTers. (1) Notice OF intent TO withdraw All Filed Exhibits(1)AFFidAviT OF In Ability TO PAy COST On Appeal (1) Six Month print Out. (1) Application TO Proceed in Forma-Pauperis TO THE Clerk. Court OF Criminal Appeals OF Texas p. O. Box-12308 Capitol-Station Austin Texas 78711. On This 30 dAy OF ~~March~~ April 2015.

Alfred lee Stone
Relator.

Enclosed Also:2 MOTIONS TO AbAte Appeal.

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 17 2015 OvK
Abel Acosta, Clerk

Alfred lee Stone
Relator.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE _____ DISTRICT OF TEXAS**
<u>Austin</u> **DIVISION**

<u>Alfred lee Stone 599665</u>
Plaintiff's name and ID Number

<u>Estelle Unit</u>
Place of Confinement

CASE NO._____
(Clerk will assign the number)

V.

<u>Carolyn Wright</u>
<u>Chief Justice</u>
<u>Frances Maloney</u>
Defendant's name and address
<u>Justice,</u>

**APPLICATION TO PROCEED**
**IN FORMA PAUPERIS**

I, <u>Alfred lee Stone</u> declare, depose, and say I am the Plaintiff in the above entitled case. In support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state because of my poverty, I am unable to pay in advance the filing fee for said proceedings or to give security for the filing fee. I believe I am entitled to relief.

I, further declare the responses which I have made to the questions and instructions below are true.

1.  Have you received, within the last 12 months, any money from any of the following sources?

    a.  Business, profession or from self-employment?          Yes ☐   No ☑
    b.  Rent payments, interest or dividends?                  Yes ☐   No ☑
    c.  Pensions, annuities or life insurance payments?        Yes ☐   No ☑
    d.  Gifts or inheritances?                                 Yes ☐   No ☑
    e.  Family or friends?                                     Yes ☐   No ☑
    f.  Any other sources?                                     Yes ☐   No ☑

    If you answered **YES** to any of the questions above, describe each source of money and state the amount received from each during the past 12 months.

    _____

    _____

2.  Do you own cash, or do you have money in a checking or savings account, including any funds in prison accounts?

                    Yes ☐        No ☑

    If you answered **YES** to any of the questions above, state the total value of the items owned.

    _____

    _____

1

☆ATCIFP (REV. 9/02)

3. Do you own real estate, stocks, bonds, note, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?

Yes ☐      No ☑

If you answered **YES**, describe the property and state its approximate value.

_____

_____

**I understand a false statement in answer to any question in this affidavit will subject me to penalties for perjury. I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct (28 U.S.C. §1746).**

Signed this the ___30TH___ day of ___MARCH___, 20 _15_.

_Alfred Lee Stone_ 599665
Signature of Plaintiff        ID Number

**YOU MUST ATTACH A CURRENT SIX (6) MONTH HISTORY OF YOUR INMATE TRUST ACCOUNT. YOU CAN ACQUIRE THE APPROPRIATE INMATE ACCOUNT CERTIFICATE FROM THE LAW LIBRARY AT YOUR PRISON UNIT.**

2

# THE COURT OF CRIMINAL APPEALS OF TEXAS

In Re: Alfred Lee Stone                    Cause No.
        Relation.

## MOTION FOR LEAVE TO FILE ADDITIONAL EXTRAORDINARY-MATTERS

In Pursuance TO Tex. R. App. Proc. R. 72.1 THE Relator Request leave TO File Additional EXtraordinary-Matters, Namely: A PETITION FOR Mandamus, A Request Response TO THE PETITION FOR Mandamus, PETITION FOR Habeas Corpus, An Application TO Proceed In Forma-pauperis, An Six Month Print-Out Sheet, Notice OF Intent TO WithDraw All Filed Exhibits Affidavit OF Inability TO Pay Cost On Appeal, Transfer OF Custody OF Prisoner In Habeas Corpus Proceed Pending Review, A Motion TO Abate Appeal.

                                    Alfred Lee Stone
                                    Relation.

## CERTIFICATE OF Service

I Hereby Certify THAT A MOTION FOR leave TO File Additional Extraordinary-Matters Has been U.S. Mailed TO: THE Clerk Court OF Criminal Appeals OF Texas P. O. Box-12308 Capitol Station Austin Texas 78711 On This 30 day OF March 20 15.

# THE COURT OF CRIMINAL Appeals
## OF TEXAS

In RE: Alfred lee STONE          CAUSE NO.
Relator

MOTION FOR leave TO File Additional
EXTRAORDINARY-MATTERS

in PURSUANCE TO TEX. R. App. PROC. R. 72.1
THE Relator REQUEST leave TO File Additional EX-
TRAORDINARY-MATTERS, NAMELY: A PETITION
FOR MANDAMUS, A REQUEST RESPONSE TO THE
PETITION FOR MANDAMUS, PETITION FOR Habeas
Corpus, An Application TO PROCEED In FORMA-PA-
UPERIS, An SIX MONTH PRINT-OUT SHEET, NOTICE OF
INTENT TO WITHDRAW All Filed EXHIbiTS AFFIDA-
VIT OF InAbility TO PAY COST ON Appeal, TRANSF-
ER OF CUSTODY OF PRISONER in Habeas Corpus PRO-
CEED PENDING Review, A MOTION TO Abate App-
EAl.

                              Alfred lee STONE
                              Relator

## CERTIFICATE OF SERVICE

I Hereby CERTIFY THAT A MOTION FOR leave TO
File Additional EXTRAORDINARY-MATTERS HAS
been U.S. MAiled TO: THE Clerk COURT OF Criminal
Appeals OF TEXAS P.O. BOX-12308 CAPITOL STATION
AUSTIN TEXAS 78711 ON THIS 3rd DAY OF MARCH 20 15

THE COURT OF Criminal Appeals
OF TEXAS

IN RE: Alfred Lee Stowe     CAUSE NO.
Relator

MOTION TO Abate Appeal

IN PURSUANCE TEX. R. APP. PROC. R. 8.1 C
THE RELATOR REQUEST OF THE COURT TO Ab-
ATE THE Criminal-PROCEEDINGS FOR THE FO-
LLOWING REASONS STATED below.

(I)

INEFFECTIVE ASSISTANCE OF COUNSEL, because
THE 5TH COURT OF Appeals WITHDRAW His
Appellate-Counsel ON direct Appeal. SEE
Stowe V STATE NO. 175-91-01392 CR(TEX. App.
DALLAS, Apr. 26, 1993 PET. REF'd. SEE Also THE
Court OF Criminal Appeals Review WHICH
Refused OCT. 27, 1993 STOWE V STATE P.D.R.
NO. 825-93. Before A Written Signed
WAVIER OF COUNSEL WAS MADE,

Rev. 01/14/14

(1)

are before the Appellant was admonished before the court to proceed pro-se on Appeal. As Required Under Tex. Code. Crim. Proc. R. Art. of 1.051 (d)-(f) See Smolenman v State. 915 S.W.2d At 612 .. Johnson v State 76 S.W.2d 277-278 (Tex. Crim. App. 1988).,

There Fore; I was unable to obtain my trial court Records And papers for Filing A sufficient petition for discretionary-Review. SEE The Supreme Court of TEXAS' Rule governing The State Bar of TEXAS Art. X § 9 Dr-2-110 (A) 1987.

And was without Counsel At A Critical-Stage of the Direct Appeal Proceeding As it is the only opportunity to present to the court of Appeals certain matters That May Warrant A new trial And to Make A Record on Those matters

Rev. 01/14/14

For Appellate-Review. SEE Trevino V STATE 565 Sw 2d 938-944 (TEX. Crim. App 19-78) A.4. Radcliff V STATE 126 SW 3d AT 535 (TEX. App. Houston [1st. Dist.] 2003), U.S C.A. 14th, 6th.

Alfred Lee Stine

Relation

## Conclusions

THAT THIS Court Remand the Case Back To the Trial Court To Hold A Hearing on ineffective Assistance of Counsel Because The Appellate-Records Are Undevelop-ed To Support An Ineffective Assistance of Counsel Claim.

## Certificate of Service

I Hereby Certify THAT A Motion To Ab-ATE Appeal Has been U.S. Mailed To: THE Clerk Court of Criminal Appeals of TEXAS P.O. Box 12308 Capitol Station Austin TEXAS 78711 on This 30 day of MARCH 2015

Rev. 01/14/14

(3)

THE COURT OF Criminal Appeals
OF TEXAS

IN RE: Alfred lee Stone    Cause. NO.
       RelatOR.

MOTION TO Abate Appeal
IN PURSUANCE TEX. R. APP. PROC. R. 80 C
THE RelatOR Request OF THE COURT TO Ab-
ATE THE ORIGINAL- PROCeedings FOR THE FO-
llowing REASONS STATED below.

(1)

INEFFECTIVE ASSISTANCE OF COUNSel, because
THE 5TH COURT OF Appeals withdraw His
Appellate- COUNSel IN direct Appeal. SEE
STONe V STATE NO. 05-91-01392 CMC TEX. App.
DAllAS. ADR. 26. 1993 DET. ReFd. SEE AlSO THE
COURT OF CRIMINAl Appeals Review which
Refused OCT. 20. 1993 STONE. V STATE P. D. R.
NO. 825-93. BeFORE A Written Signed
WAVIeR OF COUNSel WAS MADE.

Rev. 01/14/14

(1)

Are before the Appellant was Admin-
ished before the Count. To proceed
pny-se on Appeal. As Required Under
Tex. Code. Crim. Pnic. R. Ant. of 1.051 (4)-
(F) See Stickerman v State. 915 S.W.2d At
612 ., Johnson v State 76 S.W.2d 277-
278 (Tex. Crim. App. 1988).,

There Fore; I was Unable To
Obtain My Trial Court Records And
Papers For Filing A Sufficient Petit-
ion For discretionary-Review. See
The Supreme Court OF Texas' Rule Governing
The State Bar OF Texas Ant. X of 9 Dr-2-1107 (A)
1987.

And was Without Counsel At A Criti-
Cal-Stage OF The Direct Appeal Proceeding
As it is The Only Opportunity To Present
To The Court OF Appeals Certain Matters
That May Warrant A New Trial And To
Make A Record On Those Matters Rev. 01/14/14

(2)

For Appellate-Review. SEE Trevino V STATE 565 SW 2d 938-940 (TEX. Crim. App 19-78) A.L. Radcliff V STATE 126 SW 3d AT 535 (TEX. App. Houston List. Dist.) 2003), U.S C.A. 14TH. 6TH.

Alfred Lee Stone
Relator

## Conclusions

THAT THIS COUNT Remand THE Case back TO THE Trial COUNT TO Hold A Hearing ON inEffective Assistance OF Counsel Because THE Appellate-Recoreds Are Undeveloped TO Support An Ineffective Assistance OF Counsel Claim.

## Certificate OF Service

I Hereby Certify THAT A MOTION TO Abate Appeal Has been U.S. Mailed TO: THE Clerk COUNT OF Criminal Appeals OF TEXAS P.O. Box 12398 Capitol STATION Austin TEXAS 78711 ON THIS 30 day OF March 2015

(3)

THE COURT OF CRIMINAL Appeals
OF TEXAS

In RE: Alfred lee STone        CAuse No.
     RelaTor

          Response To THE PETITION FoR MandAmus
     In PuRSuANce To TEX. R. App. PROC. R. _____ THE
RelaTor Request A Response To THE PETITION FoR
MandAmus FRom THE RespoNdents.

                                   Alfred lee STone
                                   RelaToR

               CeRTIFICATE OF SeRvice
          I Alfred lee STone Hereby CeRTIFy THAT
A TRue Copy OF THE FoRe GoiNg Request FoR A
Response To THE PETITION FoR MandAmus HAs
been U.S. MAiled To: THE CleRk CouRT OF CRimi-
NAl Appeals OF TEXAS P.O. BoX 12308 CApitol
STATioN AuSTiN TEXAS 78711 On THIS 30 day OF
___ MARCH _____ 20 15 .

                                   Alfred lee STone
                                   RelaToR

# THE COURT OF CRIMINAL APPEALS
## OF TEXAS

IN RE: Alfred lee Stone          Cause No.
        Relator

Response to the Petition for mandamus
In pursuance to Tex. R. App. proc. R. _____ THE
Relator Request A Response to THE Petition For
mandamus From THE Respondents.

Alfred lee Stone
Relator

Certificate of Service
I Alfred lee Stone Here by Certify THAT
A true copy OF THE Fore Going Request For A
Response to THE Petition For mandamus HAS
been U.S. mailed to: THE Clerk Court OF Crimi-
nal Appeals OF TEXAS P. O. Box 12308 Capitol
Station Austin TEXAS 78711 On THIS 31 day OF
March 2015.

Alfred lee Stone
Relator

# THE COURT OF CRIMINAL APPEALS OF TEXAS

In Re: Alfred lee Stone                    Cause no.
          Relator.

## Response to the Petition for Habeas Corpus

In pursuance to Tex. R. App. Proc. R____ the Relator Request a Response to the Petition for Habeas Corpus From the Respondent.

Alfred lee Stone
Relator

## Certificate of Service

I Alfred lee Stone Hereby Certify That a True copy of the Fore going Request Response to the Petition For Habeas Corpus Has been U.S. mailed To: The Clerk Court of Criminal Appeals of Texas P.O. Box 12308 Capitol Station Austin Texas 78711 On This 30 day of March 2015.

Alfred lee Stone
Relator

# THE COURT OF Criminal Appeals
## OF TEXAS

In Re: Alfred lee Stone        Cause No.
    Relator

### Response To THE PETITION FOR
### Habeas Corpus

In pursuance TO TEX. R. App. proc. R____
THE Relator Request A Response TO THE petition
For Habeas Corpus From THE Respondent.

                        Alfred lee Stone
                            Relator

### CERTIFICATE OF Service

I Alfred lee Stone Hereby Certify THAT
A TRue Copy OF THE Fore going Request Respons
e TO THE petition For Habeas Corpus Has been
U.S. mailed TO: THE Clerk COURT OF Criminal
Appeals OF TEXAS p.O. Box 12308 Capitol ST-
ATION Austin Texas 78711 ON THIS 30 day OF
   MARCH      2015.

                        Alfred lee Stone
                            Relator

1

# THE COURT OF CRIMINAL APPEALS OF TEXAS

In Re: Alfred Lee Stone    Cause No.
Relator.

## Request For Service And Filing Of Pleadings And Other Papers in Pursuance To Tex. R. App. Proc. R

___ The Relator Request Of The Clerk To Serve And File Certified Copies Of The Petition For Mandamus, The Request For A Response To The Petition For Mandamus Ons: Carolyn Wright Chief Justice And Frances Maloney Justice Addressed At: The Court Of Appeals Fifth District Of Texas At Dallas 600 Commence Street Suit 200 Dallas Texas 75202 On This __30__ Clay Of ___March___ 20 15.

Alfred Lee Stone
Relator.

## Certificate Of Service

I Alfred Lee Stone Hereby Certify That A True Copy Of The For Going Request For Service And Filing Has Been U.S. Mailed To: Clerk Court Of Criminal Appeals Of Texas P.O. Box-12308 Capitol Station Austin Texas. 78711

# THE COURT OF CRIMINAL APPEALS OF TEXAS

In Re: Alfred lee Stone        Cause No.
Relator.

## Request For Service And Filing Of Pleadings And Other Paper In Pursuance To Tex. R. App. Proc. R

___The Relator Request Of The Clerk To Serve And File Certified Copies Of The Petition For Mandamus, The Request For A Response To The Petition For Mandamus On: Carolyn Wright Chief Justice And France Maloney Justice Addressed At: THE Court Of Appeals Fifth District Of Texas At Dallas 600 Commerce Street Suit 200 Dallas Texas 75202 On This 30 day Of_____ march_____ 20 15.

                                    Alfred lee Stone
                                    Relator.

## Certificate Of Service

I Alfred lee Stone Here by Certify That A true Copy Of The Fore going Request For service And Filing Has Been U.S. Mailed To: Clerk Court Of Criminal Appeals Of Texas P.O. Box-12308 Capitol Station Austin Texas. 78 711

THE COURT OF CRIMINAL Appeals
OF TEXAS

In RE: Alfred lee Stone          CAUSE NO.
          Relator

NOTICE OF intent TO withdraw
All Filed EXHibits

in pursuance TO TEX. R. App. proc. R.
12.4 THE Relator Give NOTICE OF intent TO withdraw All Filed EXHibits THATS ATTACHed in THE Appendix OF THE PETITION For MANdAMUS AT THE Final Judge ment OF THE PETITION ON THIS 30 day OF _____ MARCH _____ 2015

Alfred lee Stone
Relator

THE COURT OF CRIMINAL APPEALS

In Re: Alfred Lee Stone
        Relator.,                    CAUSE NO.


                AFFIDAVIT OF INABILITY TO PAY
                     COST ON APPEAL
            In PURSUANCE TO TEX. R. App. PROC. R.
24.1 ... 24.2. 54.3 THE Relator Alfred Lee Stone de-
Clare, depose And STATE THAT I'AM THE Relator in
THis CAuse And in SUPPORT OF My NOTICE OF Intent
TO WITH draw All Filed EXHibits / And On MOTION
TO WITH draw All Filed EXHibits I STATE THAT be-
CAuse OF My POverty I'AM UNAble TO PAY in A-
dvANce THE Necessary Funds FOR THE PrePARATi-
ON OF All Filed EXHibits And THE MAiling COST FOR
SeNding THEM TO Me AT My PreseNt Address WITH-
OUT ANY SeCurity THEre OF And believe I'AM
intitled TO Reddness in THis MATTer ON THis 30 day
OF ___MARCH___ 20 15.

                              Alfred Lee Stone
                              Relator.,

        EXECUTED ON THE 03 / __ / 15
    I declare under penalty OF perjury THAT THE
FORe going is True And COrrect And THis is THE CON-
NCLUSION OF My Affidavit.

                              Alfred Lee Stone
                              Relator

                    (2)

# THE COURT OF CRIMINAL APPEALS
## OF TEXAS

In RE: Alfred lee Stone          Cause No.
            Relator

### PETITION FOR MANDAMUS
In Pursuance to Tex. R. App. proc. R 72 THE Relator shown unto the Court That An Extra-Ordinary writ of Mandamus is necessary to show A violation of His Constitutional-Rights.

# List of Parties

Alfred Lee Stone, Relator
Estelle Unit
264 FM 3478
Huntsville Texas 77324

Carolyn Wright
Chief Justice
Court of Appeals
Fifth District of Texas at Dallas
600 Commerce Street, Suite 200
Dallas Texas 75202

Frances Maloney
Justice
Court of Appeals
Fifth District of Texas at Dallas
600 Commerce Street Suite 200
Dallas Texas 75202

Frances Maloney

(2)

# Index Of Authorities

Cases          Page

1. Ex-parte Stykue No. Wr-22-735-34    (9)
(Tex. Crim. App. Feb 13, 2018,).

2. Franklin 72 S.W 3d 671-675
(Tex. Crim. App. 2002).       (14)

3. In Re Southwestern Bell Telephone
Co. Lp 235 S.W. 3d 619-623 (Tex. 2007)    (8)

4. Johnson v Fourth Court of Appeals
700 S.W 2d 916, 917 (Tex. 1985)     (8)

5. Johnson v State 769 S.W 2d 277-
278 (Tex. Crim. App. 1988).     (14)

6. Knotts v State 31 S.W. 3d 821.    (14)

7. State ex rel. Rosenthal v Poe 98
S.W 3d 194-198 (Tex. Crim. App. 2003)   (9)

8. State ex. Rel Young v Sixth Jud-
icial Dist. Court of Appeals 236 S.W.
3d 207, 210 (Tex. Crim. App. 2007).    (8)

9. Stykue v State No. 05-91-01392-Cr
(Tex. App. Dall. Apr. 26 1993   Rev. 01/14/14   (14)

# INDEX OF AUTHORITIES CONT.

Cases                         DATE

10. STEDMAN V STATE 915 S.W 2d 612.    10

11. WALKER V PACKER 827 SW 2d 833-839 (TEX. 1992)   8

Art.

1. TEX. CODE. CRIM. PROC. B. Art 1.051(F) 10

2. TEX. CODE. CRIM. PROC. B. Art 1.051(G) 10

3. TEX. CODE. CRIM. PROC. N. Art 11.077 4(A)

4. TEX. CODE. CRIM. PROC. N. Art 11.077.    9

U.S. CONST.

1. U.S.C.A. CONST. Amend 6TH               —

2. U.S.C.A. CONST. Amend 14 TH             —

14

Rev. 01/14/14

(4)

# TABLE OF CONTENTS

PAGE

Identity of parties ................................ 2

Index of Authorities .............................. 3-4

Table of Contents ................................. 5

Statement of the Case ............................. 6

Statement of Fact ................................. 6

Statement of Jurisdiction ......................... 6

Issue presented ................................... 6

Summary of the Argument ........................... 7

Standard of Review ................................ 8

    Application of Standard ....................... 9-10

Prayer ............................................ 11

Inmate Declaration ................................ 11

Certificate of Service ............................ 12

Appendix .......................................... 13

   (A). Court of Appeals Opinion.(1-3)pg ........... 14

   (B).The Motion to withdraw the
      Mandate. (1-4)pg .......................... 15

   (C).The Court of Appeals Order.(1-2) ............ 16

   (D) Relator's Affidavit ......................... 17

## STATEMENT OF THE CASE

A Jury Convicted Alfred Lee Stone of burglary of a building And Found Two prior felony Convictions And Assessed A Seventy 70 years Sentence. There After Stones Appellant Counsel Filed THE Appellants-Brief on direct-Appeal before THE FifTH Court of Appeals on or About THE 12 /30/ 92 ..

Then on 12 /16 /93 THE Appellant Filed A pro-SE Appellant-brief on Direct-Appeal before THE FiFTH Court of Appeals And THE Court Decline To Further Address Stones Direct Appeal Brief Filed by His Appellate-Counsel And Issued THein Opinion And Mandate on THE pro-SE Appellant brief Filed 04 /26 /93 And AFFirmed THE Trial Courts Judgment.

## STATEMENT OF FACT

THE Appellant was not intitled To Hybrid-Representation on Appeal.

## STATEMENT OF Jurisdiction

THis Court Has Original-Jurisdiction Over THis proceedings Under Tex. R. App. proc. R. 53.

## Issue presented

1. Abuse of discretion

## SUMMARY OF THE ARGUMENT

After Reviewing the Appellants pro-se Appeal brief, it was obvious that the submission of the pro-se Appeal-brief Has not been properly prepared. And to issue And opinion And mandate on the pro-se-brief before on After the dismissal on Motion to withdraw Counsel would Amount to A Constitutional due process/Equal protection violation.

Here in this Case the Court of Appeals never Ruled on the Appellants First direct Appeal brief. To End the Appeal. And permitt the withdrawl of the Appellate Counsel on Appeal.

And by doing so this prejudice my Ability to secure A More Satisfactory-submission of the Case in the Court of Appeals, Court of Criminal Appeals And on post Conviction proceedings.

## Standard Of Review

Mandamus Relief is An Extraordinary Remedy. In Re Southwestern Bell Telephone Co. L. P. 235 S.W. 3d 619-623 (Tex. 2007)(Orig. Proceeding). Mandamus issues Only To Correct A Clear Abuse Of discretion or violation Of A duty imposed by law when There is no Other Adequate Remedy by law. Walker V packer 827 S.W. 2d 833, 839 (Tex. 1992)(Orig. Proceeding)(Quoting Johnson V Fourth Court of Appeals 700 S.W. 2d 916-917 (Tex. 1985)(Orig. Proceeding). To show Entitlement To Mandamus Relief, A Relator must (1) Show That He Has no Adequate Remedy At law To Redress The Alleged Harm And (2) The Act Sought To be Compelled is Ministerial And does not involve A discretionary or Judicial decision. State EX. Rel. Young V Sixth Judicial Dist.

(8)

Court of Appeals, 236 S.W. 3d) 217-219 (Tex Crim. App. 2007), State ex Rel. Rosenthal V Poe, 98 S.W.3d) 194-198 (Tex. Crim. App. 2003).

Adequate Remedy At law

The Relator Had No Adequate Remedy At law to Redress The Alleged Harm Because The 5th Court of Appeals Withdraw His Appellate Counsel to Recused before He Could Obtain His Trial Court Records And papers for Filing A Sufficient petition for discretionary Review on Appeal into The Court of Criminal Appeals. And securely Styne's Claim was Not Cognizable for A writ of Habeas Corpus pursuant to Art. 11.07 Tex. Code Crim. proc. Because He Has been Cited for writ Abuse. see Ex parte Styne Nw-ww-22-735-34 (Tex. Crim. App. Feb. 13, 2008. And can only Challange Claims That Are based on Newly discovered

Rev. 01/14/14

(9)

On newly Available Evidence. SEE EX-p Ante Franklins 72 S.W.3d 671-675 (TEX. Crim App. 2/4/12) Knights v STATES 31 S.W.3d 821 See Also TEX. Code. Crim. Proc. Art. 11.07 § 4 (A) EX-p Ante Sewell 956 S.W.2d 84, 44 (TEX. Crim. App 1997). SEE EXHibits D , , .

## Ministerial-Act

Stine Seeks To Compel THE 5TH COURT OF App Eals Refusal To Withdraw it Mandate And Opinion On His Direct Appeal. see Stine v STATE No. 05-91-01392-Cr (TEX. App. Dall. Apr. 26 1993 Pet Ref'd Court designated For Publication). Because He Signed Waiver OF Counsel And Was Not Administered To Proceed Pro-se. On Appeal. Under TEX. Code. Crim. Proc. R. Art. 1.051 (17) And (F) SEE Slydenman v STATE 915 S.W.2d AT 612 Johnson v STATE 769 SW2d 277-278 (TEX. Crim. App 1988). SEE EXHibit A , B , C , D

Relator's - Declaration

I Alfred lee Stone Appellant/Relator Am being presently incancerated in Walker County Texas, declares under penalty of penjury that According to my belief the facts stated in this petition for review Are true And connect.

Signed on ___MARCH 27___, 20 15.

*Alfred lee Stone*

Prays

THAT THIS Count the Criminal Appeal in the Interest of Justice. Abate the Appeal on petition for Mandamus An reverse the Case back to the Fifth Count of Appeals with instructions to withdraw the opinion And its Mandate then Re Enter it,

To Enable An in time Direct Appeal to be filed by An Appointed on Retained Atty. To the Fifth Count of Appeals on A petition for dis Cretionary-review with the Count of Criminal Appeals. Along with A Supplemental-Record. Record of the Original trial Count Record of Cause No. F-91-42452-T. From the Trial-Count on Appellate Counsel.

# CERTIFICATE OF SERVICE

I Alfred lee Stone Hereby certify that a true copy of the petition for mandamus has been U.S. mailed to: the clerk count of criminal Appeals of Texas p. o. Box-12398. Capitol station. Austin. Texas 78711 on this 30 day of march 2015.

Alfred lee Stone
Relator

# Appendix

(A)

**AFFIRMED** and Opinion filed April 26, 1993.

S
In The
Court of Appeals
Fifth District of Texas at Dallas

...........................
No. 05-91-01392-CR
...........................

ALFRED LEE STONE, Appellant
V.
THE STATE OF TEXAS, Appellee

..................................................
On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F91-42452-T
..................................................

O P I N I O N
Before Justices Kinkeade, Maloney, and Rosenberg
Opinion By Justice Maloney

A jury convicted Alfred Lee Stone of burglary of a building, found two prior felony convictions, and assessed a seventy year sentence. In six points of error, appellant complains that: he was unlawfully restrained and wrongful imprisoned; the indictment is flawed; his counsel FN:1 was ineffective; and the enhancement allegations are insufficient. We affirm the trial court's judgment.

### FACTUAL BACKGROUND

While on patrol, a Dallas police officer received a "suspicious person" radio call. The dispatcher described a black male pushing an air compressor down the street. It was about 4:00 a.m. when the officer got to the location--a high crime area. He saw a man carrying a television and pushing an air compressor down the middle of the street. The officer identified appellant as that man.

Appellant told several different stories about how he came to have the property. Additionally, he had white dust all over his hands, arms, clothes, and shoes. The officer detained appellant while other officers checked the neighborhood to determine if anyone knew anything about the property.

The officers found a garage with a broken lock. They also found white dust inside the garage but no one was at home, so they could not determine if any property was missing.

The officer did a pat down search of the appellant and found a Texas identification card. The name on the card was *Alfred* Stone. The officer let appellant leave. He left the property with the officer. Appellant said he would pick it up later.

### WAIVER

To preserve error for appellate review, a party must timely present his objection to the trial judge and state the specific grounds for the ruling he desires. Tex. R. App. P. 52(a). The point of error on appeal must correspond to the precise trial objection. *Willis v. State*, 785 S.W.2d 378, 382 (Tex. Crim. App. 1989), *cert. denied*, 498 U.S. 908 (1990). Appellate complaints that differ from trial objection preserve nothing for review. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), *cert. denied*, 111 S. Ct. 2816 (1991). Appellant must cite us to the specific portion of the record where the objection occurs. Tex. R. App. P. 74(f). We have no duty to search the record to find reversible error. *See Green v. State*, 682 S.W.2d 271, 292 (Tex. Crim. App. 1984), *cert. denied*, 470 U.S. 1034 (1985).

Appellant's argument "shall include . . . discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." Tex. R. App. P. 74(f). Failure to cite authority preserves nothing for review. *Smith v. State*, 683 S.W.2d 393, 410 (Tex. Crim. App. 1984). Failure to set out the *legal* theory on which appellant rests his contention presents nothing for review. *Pierce v. State*, 777 S.W.2d 399, 418 (Tex. Crim. App. 1989), *cert. denied*, 496 U.S. 912 (1990).

Appellant cites no authority in support of his points of error. Because appellant's brief does not

comply with the pertinent rule on briefing, no error is preserved for review. In some points of error, appellant provides no citations to the record. This also violates the rule on briefing, presenting nothing for review. Appellant has waived any error. Nevertheless, in the interest of justice, we address appellant's points of error.

## MISTAKEN IDENTITY

### 1. Unlawful Restraint and Wrongful Imprisonment

In his first point of error, appellant argues that his arrest was an unlawful restraint of his personal liberty. In his third point of error, he contends that he was wrongly imprisoned. Appellant claims that his arrest and confinement occurred because of mistaken identity. Specifically, he argues that the investigating officer found an identification card in the name of *Albert* Stone on a suspicious person. FN:2 Appellant maintains that the investigating officer later had appellant arrested solely because of the name on the identification card.

Appellant contends the State did not prove that the suspect and appellant were the same person. Appellant also maintains that the State produced no evidence that the suspect was who he claimed to be. Appellant contends that the police unlawfully arrested and confined him because of mistaken identity.

The police officer testified that the name on the identification card was *Alfred* Stone, not *Albert* Stone. Appellant's name is *Alfred* Stone. The record does not support appellant's assertion about the different name on the identification card. Because the testimony shows no discrepancy between the name on the identification card and appellant's name, appellant's argument fails.

We overrule appellant's first and third points of error.

### b. Indictment

In his second point of error, appellant claims that the indictment failed to prove everything stated in it that was required to be proved at trial. In his argument under this point, appellant complains of a due process violation.

Appellant argues that his name, as alleged in the indictment, is inconsistent with the suspect's name. The evidence showed that the name of the identification card was *Alfred Stone* and the indictment alleged *Alfred Stone*. Because the record does not support his assertion, we overrule appellant's second point of error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth point of error, appellant argues that he received ineffective assistance of counsel at trial. Appellant complains that his trial counsel did not make clear the discrepancy between the name on the identification card and appellant's name. He also claims that his attorney did not point out that when the investigating officers released the suspect, the only name they knew for the suspect was the name on his identification card--*Albert* Stone. Appellant also maintains that his trial counsel allowed the State to argue appellant's prior convictions without objecting. Appellant alleges he told his trial counsel that the prior convictions were invalid because appellant's *previous* attorney did not appeal his prior convictions as appellant requested.

To establish ineffective assistance of counsel, appellant must show that his counsel's performance was deficient *and* that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). We must review the totality of counsel's representation to determine whether defendant received reasonably effective assistance of counsel during the punishment stage of trial. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987). The record must support claims of ineffective assistance of counsel. *See Johnson v. State*, 691 S.W.2d 619, 626-27 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985).

The record does not support any of appellant's assertions underlying his ineffective assistance claim. There was no name discrepancy. No evidence before the jury indicated that the officers did not know the suspect's name or thought his name was *Albert* Stone. Nothing in the record suggest that appellant's previous attorney failed to appeal his prior convictions as appellant requested. Because the record does not support appellant's allegations, we overrule appellant's fourth point of error.

### 2. Enhancement Paragraphs

In appellant's fifth point of error, he contends that the indictment's enhancing paragraphs were

insufficient and violated the law regarding enhancement. This assertion is based on appellant's allegation that his previous attorney failed to appeal his prior convictions.

Our record contains no post trial records of the prior convictions. We cannot determine the prior convictions' appellate status from the record before us. Because the premise upon which appellant's argument rests is not supported by the record, we view appellant's claim as an impermissible collateral attack on the sufficiency of the evidence. *See Legg v. State,* 594 S.W.2d 429, 432 (Tex. Crim. App. [Panel Op.] 1980); *Alexander v. State,* 757 S.W.2d 95, 101 (Tex. App.--Dallas 1988, pet. ref'd). We overrule the fifth point.

In his sixth point of error, appellant argues that the appellate brief initially filed by his attorney in this case was ineffective and based upon false pretenses. Appellant appears to contend that his appellate attorney's brief was ineffective because trial counsel's performance was ineffective. He also suggests that his appellate attorney's brief provides cover for his trial counsel's ineffective representation. Thus, appellant's complaints are based on his assertion that his trial counsel provided ineffective assistance. Because the record provides no support for this assertion, we overrule appellant's sixth point of error.

We affirm the trial court's judgment.

FRANCES MALONEY
JUSTICE

Do Not Publish
Tex. R. App. P. 90
911392F.U05

---

FN:*1* Appellant complains of his trial counsel in the prior convictions alleged for enhancement purposes; his trial counsel in this cause; and his appellate counsel.

---

*FN:2* When we address appellant's arguments in reference to this "suspicious person," we will refer to him as "suspect."

---

*File Date[04-27-93]*
*File Name[911392F]*

(B)

# FIFTH COURT OF APPEALS
## OF TEXAS AT DALLAS

Alfred lee Stone                    No. 05-91-01342-CR
Appellant,

V

THE STATE OF TEXAS
Appellee,

## MOTION TO WITH DRAW THE
## MANDATE

in punsuance to TEX. R. App. R. 191 THE App-
ellant Request of the 5th Count of Appeals to with Dr-
aw it's Opinion-Mandate Fon THE Following Reason
's Stated below.

## I.
## History of THE Case

A Juny Convicted Alfred lee Stone
of bunglany of A building. And Found Two Pnion Fe-
lony Convictions And Assessed A seventy Yean se-
ntence. THene AFTen Stone's Appellant Counsel Filed
THE Appellants-Bnief on Dinect-Appeal beFone TH
E FiFTh Count of Appeals on on About the 12 / 30 / 92
THEN on 12 / 16 / 93 THE Appellant Fil-
ed A Pno-SE Appellant-Bnief on Dinect-Appeal Be
Fone THE FiFTh Count of Appeals And THE Count De-
Cline to Funthen Addness Stones Dinect-Appeal
Filed by His Appellant-Counsel And Issued THeng
Opinion And Mandate on THE Pno-SE Appellant Bn

(1).

iEF April 26 1993. And Affirmed THE Trial Court's Judgment.

## First Point Of Error

THE Appellant Complains THAT in His Opinion Justice Maloney Has Errored in issuing His Opinion On His Pro-SE Appellant-Brief.

Because THE Appellant WAS NOT intitled TO Hybrid-Representation On Appeal. SEE U.S. C.A. Const. Amend. 6TH ____ V ____ 36 S.W. 3d 883-887 TEX. Crim. App. WHITE V STATE 677 S.W. 2d 683 TEX. App. Tyler 1982.

And Since He WAS Represented by Counsion On Appeal His Additional Pro-SE brief presented NOTHING Fur Review. SEE ZAPATA V STATE 696 S.W. 2d 264.

THerefore, Justice Maloney WAS NOT Required TO Consider STONE's Pro-SE Appellant brief THAT WAS Filed by Him Along WITH His Attorney's Brief. SEE DeLeon V STATE 758 S.W. 2d 621.

Because THE U.S. Supreme Court in Martinez V Court of Appeals. 528 U.S. 152., 120 S. CT. 684-145. L. Ed. 2d 597 (2000) "STATED THAT THE Sixth Amendment TO THE U.S. Constitution does NOT Grant One THE Right TO Self Representation On Appeal."

(2).

And in THE "INTEREST OF JUSTICE", JUSTICE MA-loney MUST WITH draw His OPINION And its MAND-ATE THEN ReEnter it's. SEE WAINWRIGHT 493 F 2d 894 -896 (5TH Cir. 1974), CARTER V ESTELLE 677 F2d 427-443 (5TH. Cir. 1982).

TO Either ReConsider THE Appellants A0 Appellants-Brief Filed by His Appellate Counsel On To permitt A More Meaningful Appeal by THE Appointment OF Counsel On Appeal. SEE _____ V _____ 418 S.W 2d 671 ... _____ V _____ 422 S.W 2d 733

Before THIS COURT To Enable An in Time Appellants Brief To be Filed On A PETITION For discretionary-Review WITH THE Court OF Criminal Appeals. L.D. WAINWRIGHT, ESTELLE Spin A.

Alfred lee Stine
Appellant..

## CONCLUSIONS

Wherefore THE Appellant prays THAT in TH "INTEREST OF JUSTICE" THE Opinion And THE MANDA TE be WITH drawn And ReEntered. And THAT TH E Appellant be permitted A More Meaningful Appeal by THE Appointment OF A Counsel On A Ppeal On To Enable An in Time Appellant's B rief To be Filed in THIS Court OF Appeal On THE

(3)

Filing of a petition for discretionary review with the Court of Criminal Appeals.

## Inmates- Declaration

I Alfred lee Stone, Am the Appellant And being presently incarcerated in Walker County Texas, declare Under Penalty of Perjury That, According to my belief, the facts stated in this Motion to withdraw the Mandate Are true And Correct.

Signed on January 5th, 2015.

*Alfred lee Stone*

## Certificate of Service

I Alfred lee Stone Hereby Certify That A true copy of the Motion to withdraw the Mand-Ate Has been us, Mailed To: Justice Maloney.... Court of Appeals fifth District of Texas At Dallas George l Allen Sr. Courts Building 600 Commerce Street Suite 200 Dallas Texas 75202. on this 5 day of January 2015.

Alfred lee Stone
Appellant.

(4)

(C)

CHIEF JUSTICE
  CAROLYN WRIGHT

JUSTICES
  DAVID L. BRIDGES
  MOLLY FRANCIS
  DOUGLAS S. LANG
  ELIZABETH LANG-MIERS
  ROBERT M. FILLMORE
  LANA MYERS
  DAVID EVANS
  DAVID LEWIS
  ADA BROWN
  CRAIG STODDART
  BILL WHITEHILL



## Court of Appeals
## Fifth District of Texas at Dallas

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
theclerk@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
WWW.

January 15, 2015

Alfred Lee Stone
#599665
Estelle Unit
264 FM 3478
Huntsville, T 77302

RE:   Court of Appeals Number:   05-91-01392-CR
       Trial Court Case Number:   F91-42452-T

Style:  Stone, Alfred Lee
      v.
      Texas, The State of

Please find attached the order that the Court issued today in the above referenced cause.

Respectfully,

s Lisa Matz, Clerk of the Court

(1)

Order entered January 15, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-91-01392-CR

ALFRED LEE STONE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F91-42452-T

## ORDER

The Court **DENIES** appellant's January 8, 2015 pro se motion to withdraw the mandate that issued on May 27, 1994.

/s/    CAROLYN WRIGHT
CHIEF JUSTICE

(2)

D.

STATE OF TEXAS
COUNTY OF Walker

## Affidavit

I Alfred lee Styne Affaint deposes And States the Following My Name is Alfred lee Styne I'am Over 21 Years OF Age OF Sound Mind Capable OF Making This Affidavit And Personally Acquainted With the Facts As Stated Here in.. My Statement is: That On On About the 04/27/93 the 5TH Court OF Appeals With Draw My Appellate Counsel OF Record From My Appeal With Out My Written/Signed Waiver OF Counsel And Ruled On My Pro-se Brief With Out Admonishing Me, So I Was With Out Counsel At A Critical Stage in My Appellate Process To inform Me OF the Results OF the direct-Appeal And Pro-se Brief And the Availability OF discretionary Review. And Mainly To Take Reasonable Steps To Avoid Foreseeable Prejudice To My Rights. Such As Living On delivering To Me All Papers And Property To Which I Was Entitled Too, Such As the Trial Tra-

(1)

anscript And the statment of facts for filing A state court writ of Habeas Corpus Art. of 11.07 And some Advice on challanging the Appellate-error's by post-conviction proceeclings.

Alfred lee Stone
Affiant

Executed on 03 130 / 15

I declare under the penalty of perjury that the fore going is true And correct this is the conclusion of my Affidavit.

Alfred lee Stone
Affiant.

(2.)

# THE COURT OF CRIMINAL APPEALS
## OF TEXAS

IN RE: Alfred Lee Stone          Cause No.
        Relator

### PETITION FOR MANDAMUS

IN PURSUANCE TO TEX. R. APP. PROC. R 72 THE RELATOR SHOW UNTO THE COURT THAT AN EXTRAORDINARY WRIT OF MANDAMUS IS NECESSARY TO SHOW A VIOLATION OF HIS CONSTITUTIONAL-RIGHTS.

(1)

# List of Parties

Alfred Lee Stone, Relator
Estelle Unit
264 FM 3478
Huntsville Texas 77320

Carolyn Wright
Chief Justice
Court of Appeals
Fifth District of Texas at Dallas
600 Commerce Street, Suite 200
Dallas Texas 75202

Frances Maloney
Justice
Court of Appeals
Fifth District of Texas at Dallas
600 Commerce Street Suite 200
Dallas Texas 75202

1. Ex-parte Stone No. Wr-22-735-34 (9)
(Tex. Crim. App. Feb 13, 2008.).

2. Franklin 72 S.W. 3d 671-675
(Tex. Crim. App. 2002). (10)

3. In Re Southwestern Bell Telephone
Co. 1p 235 S.W. 3d 619-623 (Tex, 2007) (8)

4. Johnson v Fourth Court of Appeals
700 S.W. 2d 916, 917 (Tex. 1985) (8)

5. Johnson v State 760 S.W. 2d 277-
278 (Tex. Crim. App. 1988). (10)

6. Knotts v State 31 S.W. 3d 821. (10)

7. State ex. Rel. Rosenthal v Poe 98
S.W. 3d 194-198 (Tex. Crim. App. 2013)(9)

8. State ex. Rel Young v Sixth Jud-
icial Dist. Court of Appeals 236 S.W.
9. 3d 207, 210 (Tex. Crim. App. 2007). (8)

9. Stone v State No. 05-91-01392-CR
(Tex. App. Dall. Apr. 26 1993

Rev. 01/14/14 (10)

# Index of Authorities Cont.

CASES                                                          PAGE

10. Studenman V State 915 S.W2d 612.                    (4)

11. Walker V Packer 827 S.W2d 833-839                   (8)

Ant.

1. Tex. Code. Crim. Proc. R. Art § 1.1751(F) (4)

2. Tex. Code. Crim. Proc. R. Art § 1.1751(G) (4)

3. Tex. Code. Crim. Proc. R. Art § 11.07 § 4(A)

4. Tex. Code. Crim. Proc. R. Art § 11.07        (9)

U.S. Const.

1. U.S.C.A. Const. Amend 6TH

2. U.S.C.A. Const. Amend 14 TH

Rev. 01/14/14

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| Identity of Parties | 2 |
| Index of Authories | 3-4 |
| Table of Contents | 5 |
| Statement of The Case | 6 |
| Statement of Fact | 6 |
| Statement of Jurisdiction | 6 |
| Issue Presented | 6 |
| Summary of The Argument | 7 |
| Standard of Review | 8 |
| Application of Standard | 9-10 |
| Prayer | 11 |
| Inmate Declaration | 11 |
| Certificate of Service | 12 |
| Appendix | 13 |
| (A). Court of Appeals Opinion. | 14 |
| (B). The Motion to Withdraw The Mandate. | 15 |
| (C). The Court of Appeals Order. | 16 |
| (D) Relator's Affidavit | 17 |

## STATEMENT OF THE CASE

A Jury Convicted Alfred lee Stone of Burglary of A building And found two prior Felony convictions And Assessed A seventy 70 years sentence. There After Stones Appellant Counsel filed The Appellants-brief on direct-Appeal before The fifth Court of Appeals on on About the 12 /30/92.

Then on 12/16/93 The Appellant filed A pro-se Appellant-brief on Direct-Appeal before The fifth Court of Appeals And the Court decline to further Address Stones Direct Appeal brief filed by His Appellate-Counsel And issued their opinion And Mandate on The pro-se Appellant brief filed 04/26/93 And Affirmed the trial Court's Judyment.

## STATEMENT OF FACT

The Appellant was not intitled to Hybrid-Representation on Appeal.

## STATEMENT OF Jurisdiction

This Court Has original-Jurisdiction over This Proceedings under Tex. R. App. Proc. R. 53.

## Issue Presented

1. Abuse of discretion

# SUMMARY OF THE ARGUMENT

After Reviewing The Appellants pro-se Appeal brief, it was obvious that the submission of the pro-se Appeal-brief Has not been properly prepared. And to issue And opinion And mandate on the pro-se-brief before on After the dismissal on motion to withdraw counsel would amount to A constitutional due process/Equal protection violation.

Here in this case the court of Appeals never Ruled on the Appellants First direct Appeal brief. To End the Appeal. And permit the withdrawl of the Appellate counsel on Appeal.

And by doing so this prejudice my Ability to secure A more satisfactory-submission of the case in the court of Appeals. court of criminal Appeals And on post conviction proceedings.

## Standard of Review

Mandamus Relief is An Extraordinary Remedy. In Re Southwestern Bell Telephone Co. L.P. 235 S.W. 3d 619-623 (Tex. 2007)(Orig. Proceeding). Mandamus issues only to Correct A Clear Abuse of discretion or violation of A duty imposed by law when there is no other Adequate Remedy by law. Walker v Packer 827 S.W. 2d 833.839 (Tex. 1992)(Orig. Proceeding)(Quoting Johnson v Fourth Court of Appeals 700 S.W. 2d 916-917 (Tex. 1985)(Orig. Proceeding). To show Entitlement to Mandamus Relief. A Relator must (1) show that He Has no Adequate Remedy at law to Redress the Alleged Harm And (2) The Act sought to be Compelled is ministerial And does not involve A discretionary or Judicial decision. State Ex. Rel. Ury. Ury v Sixth Judicial Dist.

Rev. 01/14/14

Court of Appeals, 236 S.W. 3d 207-214 (TEX Crim. App. 2007), State Ex Rel. Rosenthal V Poe, 98 S.W. 3d 194-198 (TEX. Crim. App. 2003).

### Adequate Remedy At Law

The Relator Had no Adequate Remedy At law to Redress the Alleyed Harm. Because the 5th Court of Appeals withdraw His Appellate Counsel of Record before He Could Obtain His Trial Court Records And papers for Filing A Sufficient petition for discretionary Review on Appeal into the Court of Criminal Appeals. And secondly Stone's Claim was not Cognizable for A writ of Habeas Corpus pursuant to Art. 11.07 TEX. Code Crim. proc. because He Has been Cited for writ Abuse, See Ex parte Stone No. WR-22-735-34 (TEX. Crim. App. Feb. 13, 2018. And Can only Challange Claims that Are based on Newly discovered

Rev. 01/14/14

On Newly Available Evidence. SEE EX-P Ante Franklin 72 S.W 3d 671-675 (Tex. Crim App. 2002) Knotts v States 31 S.W 3d 821 see Also Tex. Code. Crim. Proc. Art. 11.07 § 4 (A) EX-P Ante Stilwell 956 S.W 2d 34, 44 (Tex. Crim. App 1997). SEE Exhibits D _____, _____, _____

## Ministerial-Act

Stone Seeks To Compel the 5th Court Of Appeals Refusal To withdraw it Mandate And Opinion On His Direct Appeal. see Stone v State No. 05-91-01342-Cu (Tex. App. Dall. Apr. 26 1993 Pet ncf'd Court designated For Publication). Because He Signed Waiver Of Counsel And was Not Admonished To Proceed Pro-SE On Appeal. Under Tex. Code. Crim. Proc. A. Art. § 1.051 (I) And (F) SEE Syderman v State 915 S.W 2d AT 612 Johnson v State 769 S.W 2d 277-278 (Tex. Crim. App 1988). SEE Exhibit A , B , C _____

Rev. 01/14/14

(10)

## Relator's - Declaration

I Alfred Lee Stone Appellant/Relator Am being presently incarcerated in Walker County Texas, declares under penalty of perjury that According to my belief the facts stated in this petition for Review Are true And Correct.

Signed on ___MARCH 30___, 2015.

*Alfred Lee Stone*

## PRAYS

THAT THIS Court of Criminal Appeals in the Interest of Justice. Abate the Appeal or petition for Mandamus And Reverse the case back to the Fifth Court of Appeals with instructions to withdraw the opinion And its Mandate then Re Enter it,

To Enable An in time Direct Appeal to be filed by An Appointed or Retained Atty to the Fifth Court of Appeals or A petition for discretionary-Review with the Court of Criminal Appeals. Along with A Supplemental-Record. Record of the original trial Court Record of Cause No. F-91-42452-T. From the trial-Court or Appellate Counsel.

(11)

## CERTIFICATE OF SERVICE

I, Alfred Lee Stone, Hereby Certify THAT A True Copy OF THE PETITION For MANDAMUS HAS been U.S. Mailed TO: THE Clerk Court OF Criminal Appeals OF TEXAS P.O. Box-12308, Capitol Station, Austin, Texas 78711 ON THIS 30 day OF March 20 15.

Alfred lee Stone
Relator

(18)

# Appendix

D.

STATE OF TEXAS
County OF Walker

## Affidavit

I Alfred lee Stowe AFFAINT deposes And States the Following my NAme is Alfred lee Stowe I'Am Over 21 years OF Age OF Sound mind CApable OF making This Affidavit And Personally Acquainted with The FACTs As STATed Here in.. my STATement is: That On On About The 04/22/93 The 5TH Court OF Appeals with draw my Appellate Counsel OF Record From my Appeal with Out my written / Signed waiver OF Counsel And Ruled On my Pro-SE brief with Out Admonishing me. So I was with Out Counsel AT A Critical STAge in my Appellate process To inForm me OF The Results OF The direct-Appeal And Pro-SE brief And The Availability OF discretionary Review. And mainly To Take Reasonable Steps To Avoid Foreseeable prejudice To my Rights. Such As Giving On delivering To me All PApers And Property To which I was Entitled TO. Such As The Trial Tra-

(1)

nuscript And the statment of facts for filing a State Court writ of Habeas Corpus Art. of 11.07 And some Advice on challanging the Appellate-Ennon's by Post-conviction proceedings.

Alfred lee Stone
Affaint

Executed on 03 / 30 / 15
I declare under the penalty of penury that the fore going is true And correct this is the conclusion of my Affidavit.

Alfred lee Stone
Affaint.

(2)

THE COURT OF CRIMINAL APPEALS
OF TEXAS

IN RE: Alfred Lee Stowe                    CAUSE NO.
        Relator

                PETITION FOR Habeas Corpus
        IN PURSUANCE TO TEX. R. APP. PROC. R 172 THE
Relator SHOW UNTO THE COURT THAT AN EXTRAORDI-
NARY Habeas Corpus, is NECESSARY TO SHOW
A VIOLATION OF HIS CONSTITUTIONAL-RIGHTS.

(1).

# List of Parties

Alfred Lee Stone Relator
Estelle Unit
264 FM 3478
Huntsville Texas 77320

Carolyn Wright
Chief Justice
Court of Appeals
Fifth District of Texas at Dallas
600 Commence Street, Suite 200
Dallas Texas 75202

Frances Maloney
Justice
Court of Appeals
Fifth District of Texas at Dallas
600 Commence Street, Suite 200
Dallas Texas 75202.

# Index of Authorities

Cases                                                    Page

1. Deleon V State 758 S.W. 2d 621.                        9

2. Dinkins V Ayler Open. Inc. 7411 SW 2d 238.            7

3. Johnson V State 764 S.W. 2d 277.                       8

4. Martinez V Court of Appeals 528 US 152.               7

5. Solderman V State 915 S.W. 2d 612.                    8-9

6. White V State 677 SW 2d 683.                           7

7. Zapata V State 696 S.W. 2d 264.                        9

8. _____ V _____ 36 S.W. 3d 883.                        7

## U.S. Const.

1. U.S.C.A. Const. Amend 6TH                              7

2. U.S.C.A. Const. Amend 14TH                             7

## Tex. Const.

1. Tex. Const. Art. I § 19                                9

## Art.

1. Tex. Code Crim. Proc. R. Art 1.051 (4)               8-9

2. Tex. Code Crim. Proc. R. Art 1.051 (F)               8-9

# Table of Contents

|  | PAGES |
|---|---|
| Identity of Parties | 2 |
| Index of Authorities | 3 |
| Table of Contents | 4 |
| Statement of the Case | 5 |
| Statement of Fact | 5 |
| Statement of Jurisdiction | 5 |
| Issue Presented | 5 |
| Summary of the Argument | 6 |
| Argument | |
| Ground-One | 7-9 |
| Prayer | 10-11 |
| Inmate Declaration | 10 |
| Certificate of Service | 11 |
| Appendix | 12 |
| (A) Relator's-Affidavit. | 13 |
| B | |

## STATEMENT OF THE CASE

A Jury Convicted Alfred lee Stone Of burglary OF A building And Found Two prior Felony Convictions And Assessed A Seventy To years sentence. There After Stone's Appellate Counsel Filed The Appellants-Brief On direct-Appeal before The Fifth Court OF Appeals On On About The 12 1.30 1.92...

Then On 12 1.16 1.93 The Appellant Filed A pro-se Appellant-brief On Direct-Appeal before The Fifth Court OF Appeals And The Court Decline To Further Address Stones Direct Appeal-Brief Filed by His Appellate-Counsel And Issued Their Opinion And Mandate On The pro-se Appellant brief Filed 04 1.26 1.93 And Affirmed The Trial Court's Judgment.

## STATEMENT OF FACT

THE Appellant was not intitled To Hy brid-Representation On Appeal. And Must Sign A Waiver OF Counsel On Appeal Then be Administered before The Court.

## STATEMENT OF Jurisdiction

This Court Has Original Jurisdiction

## Issue Presented

1. Abuse OF discretion

(5)

## SUMMARY OF THE ARGUMENT

After Reviewing THE Appellants pro-se Appeal-brief, it was obvious that the submission of THE pro-se Appeal-brief Has not been properly prepared. And to issue an opinion And mandate on THE pro-se brief before or After THE dismissal on motion to withdraw counsel would Amount to A constitutional due process/Equal protection violation.

Here in this Case THE court of Appeals never Ruled on THE Appellants First direct Appeal brief, to End THE Appeal, And permit THE withdrawl of THE Appellate counsel on Appeal. nor did THE court of Appeals permit A waiver on Admonishment to be done before THE dismissal of THE Appellant brief on his pro-se brief.

And by doing so this prejudice my ability to secure A more satisfactory-submission of THE case in THE court of Appeals, court of criminal Appeals And on post convictions proceedings.

(6)

# Ground-One
## Abuse Of Discretion
### Standard Of Review

An Abuse of discretion occurs if the Trial Court's decision is Arbitrary or Unreasonable or is made without reference to Any guiding principle or if the Trial Court does not properly Apply the Law to the Established Facts. SEE Downer V Aquamarine Oper. Inc. 701 S.W2d 238-242 (TEX. 1985).

### Application Of Standard

Was the Trial Courts decision Arbitrary Or Unreasonable.

Here THE FIFTH Court Of Appeals Has issued An Opinion And Mandate based upon THE Relator Pro-SE brief THAT Was File by Him After His Appellate Counsel Had Filed THE First Direct Appeal Brief.

Which Was And Error Because THE Appellant Was Not intitled To Hybrid-Representation On Appeal. SEE U.S.C.A. Amend. 6 TH. 14 TH. ___ V ___ 36 S.W 3d 883-887 (TEX. Crim. App.) WHITE V STATE 677 S.W2d 683 (TEX. App. Tyler 1982) with THE Right To Self Representation On Appeal. SEE MARTINEZ V Court Of Appeals. 528 U.S. 152 ... 120 S.CT. 684-145 (2000).

(7)

Because THE Record SHOWS no written wai-iver of THE Right TO Counsel As Required Under Article 1.051 (g)(f) of THE Tex. Code Crim. Proc. R. see Siedeman v State 915 S.w 2d AT 612.

in Siedeman it States THAT when A def-endant Asserts His pro-se Rights, THE Analysis Must Center on whether THE defendant is Aw-Are of THE dangers And disadvantage of Self Representation, ID. Siedeman AT 19 citing Johnson v State 760 S.w 2d 277-278 (TEX. Crim. App. 1988).

But in THIS Case THE 5th Court of Appeals did not Admonish Siedeman wish To proceed pro-se on THE knowingly And intelli-ent Assention of THE Right To Self Repre-sentation As Required Under TEX. Code Crim. Proc. R. Art. 1.051 (g) And (F).

Subsection (F) And (G) of Art. 1.051 provides:

(F). A defendant may voluntarily And Intelli-gently wave in writing THE Right To Coun-sel.

(G). if A defendant wishes To waive His Right To Counsel. THE Court SHAll Advise Him To THE dangers And disadvantages of Self Representation, if THE Court determines

(8)

that the waiver is voluntarily and intelligently made. The Court shall provide the defendant with a statement substantially in the following form, which if signed by the defendant shall be filed with and become part of the record of the proceedings. In Sodenman at 12

There fore, Justice Maloney was not required to consider the relators pro-se Appellant's brief that was filed by him along with his Appellate's brief filed by his counsion. SEE Delemns V State 758 S.W 2d 621.

Because He was represented by counsion on Appeal and his additional pro-se brief presented nothing for review. SEE ZAPATA V STATE 696 S.W 2d 264.

There fore the opinion and the mandate was arbitrary and unreasonable and made with out reference to any guiding principles of law under Art. y 1.051 (F) and (G), and Tex. Cunsti Art. I y 19.

(9)

## PETITIONER'S INFORMATION

Petitioner's printed name: Alfred lee Stone

State bar number, if applicable: 599665

Address: Estelle Unit
264 Fm 3478
Huntsville Texas 77320

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, Alfred lee Stone, am the applicant / petitioner (circle one) and being presently incarcerated in Walker CTY. TEX., declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on MARCH 30, 20____

*Alfred Lee Stone*

Signature of Applicant / Petitioner (circle one)

Prays

THAT THIS COURT Release THE Relator From All prison Confinement because THE Appeal process was illegal. Or Reverse THE Case back TO THE 5TH COURT OF Appeals with Instruction s TO withdraw THE Opinion And its Mandate THEN ReEnTer iT. TO Enable An in Time Dir-

Rev. 01/14/14

ECT Appeal To be Filed by An Appointed
Or Retained Attorney Or To Allow The Appell-
Ant To Proceed Pro-se On Direct Appeal With-
Out The Aide Of A Counsel.

And To Provide The Appellant With A Supp-
lemental Record Of The Original Trial Of Cause
No. F-91-42452-T

CertIFICATE Of Service
I Alfred lee Stone Hereby certify That A
True Copy Of The petition For Habeas Corpus
Has been U.S. Mailed To: THE Clerk Court Of Cri-
minal-Appeals Of Texas P.O. Box-12318 Capitol
Station Austin Texas 78711 On This 30 day Of
MArch 21, 15,

Alfred lee Stone
Relator

# Appendix

(A).

STATE OF TEXAS

COUNTY OF WALKER

## AFFIDAVIT

I Alfred lee Stowe AFFAINT depuses And STATES THE Fullowing My NAme is AlFred lee STOWE. I'AM Over 21 years OF'AGE OF SJund Mind CApable OF MAKing THis AFFidAvit And personally ACQUAinted with THE FACTS As STAted Here in My STATement is: THAT On On AbJut THE 04/22/93 THE 5TH COurt OF AppEAls With Chaw My AppellAte COunsel OF Necord Fum My Appeal WithJut My Written / Signed WAiver OF Counsel And Ruled On My OnY-SE-brief WithJut AdmOnishing Me. So I was WithJut Counsel AT A Critical StAGE in My AppellAte process TO inFJrm Me OF THE Results OF THE direct-Appeal And OnY Se brief And THE AvailAbility OF discretiOnary Review, And MAinly TO TAKE ReasOnwable STEO's TO AvOid FJreSeeAble pnejudice To My Rights. SUCH As Giving On delivening To Me All PApen And prOperty TO WHicH I was Entitled TJJ. SUCH As THE TriAl-TnAnSC-

4)

Right's And THE STATMENT OF FACTS FOR Filing A STATE COURT WRIT OF Habeas Court Art. 11.07. And some Advice On CHANANGYING THE Appenate Errors by POST CONVICTION PROceedings.

Alfred lee STONE
AFFAINT

EXECUTED ON 03 / 30 / 15

I declare Under THE penALTY OF PenJury THAT THE FINE GOING is True And CORRECT THIS is THE CONCLUSION OF My AFFidavit.

Alfred lee STONE
AFFAINT

(2)

# THE COURT OF CRIMINAL APPEALS
## OF TEXAS

IN RE: Alfred lee Stowe                    Cause No.
            Relator

### PETITION FOR Habeaus Corpus

in pursuance to TEX. R. App. proc. R. 72 THE Relator show unto THE Court that An Extraordinary Habeaus Corpus is necessary to show A violation of his constitutional-Rights.

# List of Parties

Alfred Lee Stone Relator
Estelle Unit
264 FM 3478
Huntsville Texas 77320

Carolyn Wright
Chief Justice
Court of Appeals
Fifth District of Texas at Dallas
600 Commerce Street, Suite 200
Dallas Texas 75202

Frances Maloney
Justice
Court of Appeals
Fifth District of Texas at Dallas
600 Commerce Street, Suite 200
Dallas Texas 75202.

# Index of Authorities

Cases                                                   PAGE

1. DELEON V STATE 758 S.W.2d 621.        9

2. DOWNER V AQU. OPEN. INC. 701 SW 2d 238.    7

3. JOHNSON V STATE 760 SW 2d 277.      8

4. MARTINEZ V COURT OF APPEALS 528 US 152.   7

5. SODEMMAN V STATE 915 S.W 2d 612.    8-9

6. WHITE V STATE 677 SW 2d 683.      7

7. ZAPATA V STATE 696 S.W 2d 264.     9

8. ____ V ____ 36 SW 3d 883.        7

U.S. CONST.

1. U.S.C.A. CONST. Amend. 6TH       7

2. U.S.C.A. CONST. Amend. 14TH      7

TEX. CONST.

1. TEX. CONST. Art. I § 19        9

Art.

1. TEX. Code Crim. Proc. N. Art. 1. 051 (4)   8-9

2. TEX. Code Crim. Proc. N. Art. 1. 051 (F)   8-9

# TABLE OF CONTENTS

|                                           | PAGES   |
|-------------------------------------------|---------|
| Identity of Parties                       | 2       |
| Index of Authories                        | 3       |
| Table of Contents                         | 4       |
| Statement of The Case                     | 5       |
| Statement of Fact                         | 5       |
| Statement of Jurisdiction                 | 5       |
| Issue Presented                           | 5       |
| Summary of The Argument                   | 6       |
| Argument                                  |         |
|     Ground-One        | 7-9     |
| Prayer                                    | 10-11   |
| Inmate Declaration                        | 10      |
| Certificate of Service                    | 11      |
| Appendix                                  | 12      |
|     (A) Relator's-Affidavit. | 13 |
|     B                  |         |

## Statement of the Case

A Jury Convicted Alfred lee Stone of Burglary of a building And Found two prior Felony Convictions And Assessed A Seventy To years Sentence. There After Stone's Appellate Counsel Filed The Appellants - Brief on dire-ct - Appeal before The Fifth Court of Appeals on or About the 12 131 193 ...

Then on 12./16193 The Appellant Filed A Pro-se Appellant - brief on Direct - Appeal before The Fifth Court of Appeals And The Court decline to Further Address Stones Direct A-ppeal - Brief Filed by His Appelleate-Counsel And Issued Their Opinion And MANdate on The Pro-se Appellant brief Filed 04 136 193 And Affirmed The Trial Court's Judgment.

## Statement of Fact

The Appellant was not intitled to Hy brid - Representation on Appeal. And Must Sign A Waiver of Counsel on Appeal Then be Admonished before The Court.

## Statement of Jurisdiction

This Court Has Original Jurisdiction

## Issue Presented

1. Abuse of discretion

(5)

## Summary of the Argument

After Reviewing the Appellants pro-se Appeal-brief, it was obvious that the submission of the pro-se Appeal-brief Has not been properly prepared. And to issue and Opinion and mandate on the pro-se brief before or After the dismissal on motion to withdraw counsel would amount to a constitutional due process / equal protection violation.

Here in this case the court of appeals never ruled on the Appellants first direct Appeal brief. To End the Appeal. And permit the withdrawl of the Appellate counse on Appeal. nor did the court of Appeals permit a waiver on Admonishment to be done before the dismissal of the Appellant brief on His pro-se brief.

And by doing so this prejudice my Ability to secure a more satisfactory submission of the case in the court to Appeals. court of criminal Appeals And on post conviction proceedings.

(6)

## Ground-One
## Abuse Of Discretion
## Standard Of Review

An Abuse Of discretion occurs if THE Trial Court's decision is Arbitrary Or unReasonable Or is made without Reference to Any Guiding Principle Or if THE trial Court does not properly Apply THE law to THE Established FACTS SEE Downer V Aquia. Open. Inc. 791 S.W.2d 238-242 (TEX. 1985).

## Application Of Standard

WAS THE Trial Courts decision Arbitrary Or unReasonable.

Here THE FIFTH Court Of Appeals Has issued An Opinion And Mandate based upon THE Relator Pro-SE brief THAT WAS File by Him After His Appellate Counsel Had Filed THE First Direct Appeal Brief.

WHICH WAS And Error Because THE Appellant WAS Not intitled to Hybrid-Representation On Appeal. SEE U.S.C.A. Amend. 6 TH. 14 TH. ___ V ___ 36 S.W 3d 883-887 (TEX. Crim. App.) WHITE V STATE 677 S.W.2d 683 (TEX. App. Tyler 1982) NOr THE Right To Self Represent-ation On Appeal. SEE MARTiNEZ V Court Of Appeals. 528 U.S. 152... 120 S.CT. 684-145 (2000).

(7)

Because the Record shows no written waiver of the Right to Counsel as Required under Article 1.051 (g)(f) of the Tex. Code Crim. Proc. R. see Siderman v State 915 s.w. 2d at 612.

In Siderman it states that when a defendant asserts his pro-se Right's, the Analysis must center on whether the defendant is aware of the danger and disadvantage of self Representation. ID. Siderman at 14 citing Johnson v State 760 s.w. 2d 277-278 (Tex. Crim. App. 1988).

But in this case the 5th Court of Appeals did not admonish Stone whom wish to proceed pro-se on the knowing and intelligent assertion of the Right to self Representation as Required under Tex. Code Crim. Proc. R. Art. 1.051 (g) and (f).

Subsection (F) And (G) of Art. 1.051 provides:

(F). A defendant may Voluntarily and Intelligently wave in writing the Right to Counsel.

(G). If a defendant wishes to waive his Right to Counsel, the Court shall advise Him of the dangers and disadvantages of self Representation. if the Court determines

(8)

That the waiver is voluntarily and intelligently made. The court shall provide the defendant with a statement substantially in the following form, which if signed by the defendant shall be filed with and become part of the record of the proceedings. In Sloden Man at 12

There Fore; Justice Maloney was not Required To Consider The Relations Pro-se Appellant's Knief That was Filed by Him Along with His Appellate's Knief Filed by His Counsil. SEE Deleon v State 758 S.W. 2d 621.

Because He was Represented by Counsil On Appeal And His Additional Pro-se Knief Presented Nothing For Review. SEE Zabata v State 696 S.W. 2d 26d.

There Fore THE Opinion And THE Mandate was Arbitrary And Unreasonable And Made Without Reference To Any Guiding Principles of Law under Art. of 11.051 (F) And (G). And TEX. Const. Art. I of 19.

(9)

**PETITIONER'S INFORMATION**

Petitioner's printed name: Alfred lee Stowe

State bar number, if applicable: 599665

Address: Estelle Unit
264 Fm 3478
Huntsville Texas 77320

Telephone: _____

Fax: _____

**INMATE'S DECLARATION**

I, Alfred lee Stowe, am the applicant / petitioner (circle one) and

being presently incarcerated in Walker Cty. Tex., declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on March 30, 20 15.

*Alfred Lee Stowe*
Signature of Applicant / Petitioner (circle one)

Prays
THAT THIS Court Release THE Relator From
All prison Confinement Because THE Appeal
Process was illegal. Or Reverse THE Case Back
To THE 5TH Court OF Appeals With Instruction
s To Withdraw THE Opinion And its Mandate
THEn ReEnter it. To Enable An in Time Dir-

Rev. 01/14/14

(14)

ECT Appeal to be Filed by An Appointed
on Retained Attorney or to Allow the Appel-
Ant to proceed pro-se on Direct Appeal with-
out the Aide of A Counsel.

And to provide the Appellant with A supp-
lemental Record of the Original Trial of Cause
No. F-91-42452-T.

## Certificate of Service

I Alfred lee Stone Here by Certify that A
True Copy of the Petition For Habeas Corpus
Has been U.S. Mailed to: The Clerk Count of Cri-
minal-Appeals of Texas P.O. Box-12308 Capital
Station Austin Texas 78711 on this 30 day of
MARCH 2015.

Alfred lee Stone
Relator

(11).

# Appendix

(A).

STATE OF TEXAS
COUNTY OF WALKER

## Affidavit

I Alfred lee Stone AFFAINT deposes And STATES THE Following my name is Alfred lee STONE I'AM oven 21 years OF Age OF Sound mind Capable OF making THIS AFFidavit And personally Acquainted with THE FACTs As Stated Here in. My STATEMENT is: THAT On On About. THE 04/27/93 THE 5TH COURT OF Appeals with draw my Appellate Counsel OF Record From My Appeal without my written/Signed waiver OF Counsel And Ruled On my pro-se-brief without Admonishing me. So I was without Counsel At A Critical Stage in my Appellate process to inform me OF THE Results OF THE direct-Appeal And pro-se Brief And THE Availability OF discretionary Review. And mainly to take Reasonable Step's to Avoid Foreseeable prejudice to my Rights. Such As Giving On delivering to me All paper And property to which I was Entitled too. Such As THE Trial-Transc-

4)

Rights And THE STATMENT OF FACTS FOR Filing A STATE COURT WRIT OF Habeas COURT ART. 11.07. And SOME Advice ON CHALLANGING THE Appellate ERRORS by POST CONVICTION Proceedings.

Alfred lee STONE
AFFIANT

EXECUTED ON 03 | 30 | 15
I declare UNDER THE PENALTY OF PERJURY THAT THE FOREGOING is TRUE And CORRECT THIS is THE CONCLUSION OF MY AFFidaviT.

Alfred lee STONE
AFFIANT

(2)

```
CSINIB02/CINIB02    TEXAS DEPARTMENT OF CRIMINAL JUSTICE        04/01/15
E218/DPH2185               IN-FORMA-PAUPERIS DATA               06:47:09
TDCJ#: 00599665 SID#: 03028672 LOCATION: ESTELLE     INDIGENT DTE: 04/18/13
NAME: STONE,ALFRED LEE                 BEGINNING PERIOD: 10/01/14
PREVIOUS TDCJ NUMBERS: 00562542
CURRENT BAL:       20.20 TOT HOLD AMT:     100.00 3MTH TOT DEP:      0.00
6MTH DEP:           0.00 6MTH AVG BAL:      20.20 6MTH AVG DEP:      0.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
03/15      20.20          0.00         12/14      20.20          0.00
02/15      20.20          0.00         11/14      20.20          0.00
01/15      20.20          0.00         10/14      20.20          0.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF Walker
ON THIS THE 1 DAY OF April 2015 I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: _____

**Demetric Phipps**
Notary Public, State of Texas
My Commission Expires
09/23/2015
Notary Without Bond
NOTARY PUBLIC STATE OF TEXAS